IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OAK IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 25-142 (MN) |
| | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| GLOBALFOUNDRIES INC. and | ) | |
| GLOBALFOUNDRIES U.S., INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS GLOBALFOUNDRIES INC. AND GLOBALFOUNDRIES U.S. INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendants GlobalFoundries Inc. and GlobalFoundries U.S. Inc. (collectively, "GlobalFoundries" or "Defendants"), by and through their attorneys, hereby respond to Plaintiff Oak IP, LLC's ("Oak") Original Complaint for Patent Infringement ("Complaint"). GlobalFoundries denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. GlobalFoundries further denies that Oak is entitled to the relief requested or any other relief. For responses to particular allegations, GlobalFoundries responds as follows:

### NATURE OF THE ACTION[1]

1.      GlobalFoundries admits that the Complaint includes claims from Oak for alleged patent infringement against GlobalFoundries related to U.S. Patent No. 9,905,691 (the "'691

---

[1] The headings and numbered paragraphs herein correspond to those set forth in the Complaint for ease of reference. In doing so, GlobalFoundries does not admit any allegations presented in those headings.

patent"), U.S. Patent No. 10,090,395 (the "'395 patent"), and U.S. Patent No. 10,937,880 (the "'880 patent"; collectively, the "asserted patents" or "patents-in-suit"). GlobalFoundries denies that the claims have any merit or that Oak is entitled to any relief. GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the last sentence of Paragraph 1, and therefore denies it.

2.    GlobalFoundries admits that Oak makes such assertions, but denies that the claims have any merit or that Oak is entitled to any relief. GlobalFoundries denies the remaining allegations in Paragraph 2 of the Complaint.

## THE PARTIES

3.    GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.    GlobalFoundries admits that GlobalFoundries Inc. is a corporation organized under the laws of the Cayman Islands with a registered legal address at P.O. Box 309, Ugland House, George Town KY1-1104, Cayman Islands.

5.    GlobalFoundries admits that GlobalFoundries U.S. Inc. is a corporation organized under the laws of Delaware and maintains a place of business at 400 Stonebreak Road Ext., Malta, NY 12020. The remaining allegations in Paragraph 5 state a legal conclusion to which no answer is required.

6.    GlobalFoundries admits that GlobalFoundries U.S. Inc. is a wholly owned indirect subsidiary of GlobalFoundries Inc. GlobalFoundries denies the remaining allegations in Paragraph 6 of the Complaint.

7.    GlobalFoundries admits that it has semiconductor fabrication plants in the United States and other countries, and that GlobalFoundries manufactures semiconductor chips.

2

GlobalFoundries denies the remaining allegations in Paragraph 7. GlobalFoundries further denies that Oak's claims have any merit or that Oak is entitled to any relief.

8. GlobalFoundries denies the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. GlobalFoundries admits that Oak's Complaint includes allegations of patent infringement. The remaining allegations in Paragraph 9 state legal conclusions to which no answer is required. To the extent a response is required, GlobalFoundries admits this Court has subject matter jurisdiction over patent actions, provided that standing and other requirements are met. GlobalFoundries denies the remaining allegations in Paragraph 9. GlobalFoundries further denies that the claims have merit or that Oak is entitled to any relief.

10. GlobalFoundries does not contest personal jurisdiction solely for purposes of this action. GlobalFoundries denies the remaining allegations in Paragraph 10. GlobalFoundries further denies that Oak's claims have any merit or that Oak is entitled to any relief.

11. GlobalFoundries admits that GlobalFoundries U.S. Inc. is incorporated under the laws of Delaware and that it has filed actions in this District. GlobalFoundries U.S. Inc. does not contest personal jurisdiction solely for purposes of this action. GlobalFoundries denies the remaining allegations in Paragraph 11.

12. GlobalFoundries denies the allegations in Paragraph 12.

13. Paragraph 13 states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries does not contest personal jurisdiction solely for purposes of this action, and thus does not need to respond to any factual allegations pertaining to personal jurisdiction. GlobalFoundries specifically denies any allegations of patent infringement in Paragraph 13 or that Oak is entitled to any relief.

14.     Paragraph 14 states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries does not contest personal jurisdiction solely for purposes of this action, and thus does not need to respond to any factual allegations pertaining to personal jurisdiction. GlobalFoundries specifically denies any allegations of patent infringement in Paragraph 14 or that Oak is entitled to any relief.

15.     GlobalFoundries denies the allegations in Paragraph 15.

16.     Paragraph 16 states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries does not contest personal jurisdiction solely for purposes of this action. GlobalFoundries denies the remaining allegations in Paragraph 16. GlobalFoundries further denies that Oak's claims have any merit or that oak is entitled to any relief.

17.     Paragraph 17 states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries does not contest personal jurisdiction solely for purposes of this action.

18.     Paragraph 18 states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries does not contest venue for purposes of this action.

19.     Paragraph 19 states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries does not contest venue for purposes of this action.

**THE ASSERTED PATENTS**

20.     Paragraph 20 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies them.

4

21.     GlobalFoundries admits that the '691 patent is titled "Method for Depinning the Fermi Level of a Semiconductor at an Electrical Junction and Devices Incorporating Such Junctions." GlobalFoundries further admits that the '691 patent states it was issued on February 27, 2018, based on Application No. 15/048,877 filed on February 19, 2016. GlobalFoundries admits that what appears to be a copy of the '691 patent is attached to the Complaint as Exhibit 1. GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and therefore denies them.

22.     GlobalFoundries admits that the '395 patent is titled "Method for Depinning the Fermi Level of a Semiconductor at an Electrical Junction and Devices Incorporating Such Junctions." GlobalFoundries further admits that the '395 patent states it was issued on October 2, 2018, based on Application No. 15/877,837 filed on January 23, 2018. GlobalFoundries admits that what appears to be a copy of the '395 patent is attached to the Complaint as Exhibit 2. GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint, and therefore denies them.

23.     GlobalFoundries admits that the '880 patent is titled "Method for Depinning the Fermi Level of a Semiconductor at an Electrical Junction and Devices Incorporating Such Junctions." GlobalFoundries further admits that the '880 patent states it was issued on March 2, 2021, based on Application No. 15/929,592 filed on May 12, 2020. GlobalFoundries admits that what appears to be a copy of the '880 patent is attached to the Complaint as Exhibit 3. GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint, and therefore denies them.

24.     Paragraph 24 states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries lacks knowledge or information sufficient to form

5

a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

25.     GlobalFoundries denies the allegations in Paragraph 25.

26.     GlobalFoundries admits that Paragraph 26 appears to recite language from the '691 patent as it is represented in Exhibit 1. GlobalFoundries denies the remaining allegations in Paragraph 26.

27.     GlobalFoundries denies that the allegations in Paragraph 27 of the Complaint relating to general semiconductor technology are complete or accurate, and on that basis denies them.

28.     GlobalFoundries denies that the allegations in Paragraph 28 of the Complaint relating to general semiconductor technology are complete or accurate, and on that basis denies them.

29.     GlobalFoundries denies that the allegations in Paragraph 29 of the Complaint relating to general semiconductor technology, including the characterizations of research by Walter H. Schottky, are complete or accurate, and on that basis denies them.

30.     GlobalFoundries denies that the allegations in Paragraph 30 of the Complaint relating to general semiconductor technology, including the characterizations of research by Walter H. Schottky, are complete or accurate, and on that basis denies them.

31.     GlobalFoundries admits that Paragraph 31 appears to recite language from the '691 patent as it is represented in Exhibit 1. GlobalFoundries denies that the allegations in Paragraph 31 of the Complaint purporting to describe the asserted patents are complete or accurate, and on that basis denies them.

32.     GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33.     GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies them.

34.     GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies them.

35.     GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies them.

36.     GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies them.

37.     GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies them.

38.     GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies them.

39.     GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies them.

## THE ACCUSED PRODUCTS

40.     GlobalFoundries denies the allegations in Paragraph 40 of the Complaint.

41.     GlobalFoundries admits that Paragraph 41 of the Complaint appears to recite language from a GlobalFoundries press release. GlobalFoundries denies the remaining allegations in Paragraph 41 of the Complaint.

42.     GlobalFoundries admits that GlobalFoundries manufactured chips at its Fab 8 facility in New York using its 14nm FinFET fabrication process. GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding

7

whether a third-party processor contains certain chips, and therefore denies them. GlobalFoundries denies the remaining allegations in Paragraph 42 of the Complaint.

43.    GlobalFoundries admits that, as of September 2017, GlobalFoundries began developing a 12nm FinFET fabrication process. GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether a third-party processor contains certain chips, and therefore denies them. GlobalFoundries denies the remaining allegations in Paragraph 43 of the Complaint.

**COUNT I**
**(Alleged Infringement of U.S. Patent No. 9,905,691)**

44.    GlobalFoundries realleges and incorporates by reference all of the responses set forth in the preceding paragraphs.

45.    Paragraph 45 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries admits that Oak's Complaint purports to bring an action under the patent laws of the United States. GlobalFoundries denies that the claims have any merit or that Oak is entitled to any relief.

46.    Paragraph 46 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies them.

47.    Paragraph 47 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries denies the allegations in Paragraph 47.

48.    GlobalFoundries denies the allegations in Paragraph 48 of the Complaint.

49.    GlobalFoundries denies the allegations in Paragraph 49 of the Complaint.

50.     GlobalFoundries denies the allegations in Paragraph 50 of the Complaint.

51.     GlobalFoundries denies the allegations in Paragraph 51 of the Complaint.

52.     GlobalFoundries denies the allegations in Paragraph 52 of the Complaint.

53.     GlobalFoundries denies the allegations in Paragraph 53 of the Complaint.

54.     GlobalFoundries denies the allegations in Paragraph 54 of the Complaint.

55.     GlobalFoundries denies the allegations in Paragraph 55 of the Complaint.

56.     GlobalFoundries denies the allegations in Paragraph 56 of the Complaint.

57.     GlobalFoundries denies the allegations in Paragraph 57 of the Complaint.

58.     GlobalFoundries denies the allegations in Paragraph 58 of the Complaint.

59.     GlobalFoundries denies the allegations in Paragraph 59 of the Complaint.

**COUNT II**
**(Alleged Infringement of U.S. Patent No. 10,090,395)**

60.     GlobalFoundries realleges and incorporates by reference all of the responses set forth in the preceding paragraphs.

61.     Paragraph 61 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries admits that Oak's Complaint purports to bring an action under the patent laws of the United States. GlobalFoundries denies that the claims have any merit or that Oak is entitled to any relief.

62.     Paragraph 62 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore denies them.

9

63. Paragraph 63 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries denies the allegations in Paragraph 63.

64. GlobalFoundries denies the allegations in Paragraph 64 of the Complaint.

65. GlobalFoundries denies the allegations in Paragraph 65 of the Complaint.

66. GlobalFoundries denies the allegations in Paragraph 66 of the Complaint.

67. GlobalFoundries denies the allegations in Paragraph 67 of the Complaint.

68. GlobalFoundries denies the allegations in Paragraph 68 of the Complaint.

69. GlobalFoundries denies the allegations in Paragraph 69 of the Complaint.

## COUNT III
### (Alleged Infringement of U.S. Patent No. 10,937,880)

70. GlobalFoundries realleges and incorporates by reference all of the responses set forth in the preceding paragraphs.

71. Paragraph 71 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries admits that Oak's Complaint purports to bring an action under the patent laws of the United States. GlobalFoundries denies that the claims have any merit or that Oak is entitled to any relief.

72. Paragraph 72 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint, and therefore denies them.

73. Paragraph 73 of the Complaint states a legal conclusion to which no answer is required. To the extent a response is required, GlobalFoundries denies the allegations in Paragraph 73.

74.     GlobalFoundries denies the allegations in Paragraph 74 of the Complaint.

75.     GlobalFoundries denies the allegations in Paragraph 75 of the Complaint.

76.     GlobalFoundries denies the allegations in Paragraph 76 of the Complaint.

77.     GlobalFoundries denies the allegations in Paragraph 77 of the Complaint.

78.     GlobalFoundries denies the allegations in Paragraph 78 of the Complaint.

79.     GlobalFoundries denies the allegations in Paragraph 79 of the Complaint.

80.     GlobalFoundries denies the allegations in Paragraph 80 of the Complaint.

## CONCLUSION

81.     GlobalFoundries denies the allegations in Paragraph 81 of the Complaint.

82.     GlobalFoundries denies the allegations in Paragraph 82 of the Complaint.

## JURY DEMAND

83.     Paragraph 83 of the Complaint does not contain any allegations and therefore no answer is required.

## OAK'S PRAYER FOR RELIEF

84.     GlobalFoundries denies that Oak is entitled to any of the relief requested against GlobalFoundries in its Prayer for Relief, or any other relief to the extent it is based in whole or in part on alleged infringement by any GlobalFoundries product. GlobalFoundries denies any remaining allegations in the Prayer for Relief.

## DEFENSES

To the extent not expressly admitted above, GlobalFoundries denies the factual allegations contained in the Complaint. Subject to the responses above, and without conceding that GlobalFoundries must necessarily plead any of the following defenses, or that any such defenses are not already at issue by virtue of the foregoing denials, GlobalFoundries asserts the following defenses. GlobalFoundries undertakes the burden of proof only as to those defenses

11

deemed affirmative defenses by law. In addition to the defenses described below, GlobalFoundries reserves the right to amend this Answer and these Defenses as GlobalFoundries obtains additional information.

## FIRST DEFENSE
### (Non-Infringement)

GlobalFoundries does not infringe and has not infringed any asserted claim of the patents-in-suit, either directly or indirectly, divided or jointly, literally or under the doctrine of equivalents. GlobalFoundries also incorporates by reference its First, Third, and Fifth Counterclaims provided below.

## SECOND DEFENSE
### (Invalidity)

One or more asserted claims of the patents-in-suit are invalid for failure to satisfy one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, the applicable provisions of title 37 of the Code of Federal Regulations, and judicially created bases for invalidation, such as double patenting. One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior-art references, including those references listed on the faces of the patents-in-suit, either alone or in combination, disclose one or more claims of the patents-in-suit or the alleged inventions claimed therein and are obvious to one having ordinary skill in the art in view of the prior art, including, but not limited to, the prior art listed on the faces of the patents-in-suit. GlobalFoundries also incorporates by reference its Second, Fourth, and Sixth Counterclaims provided below.

### THIRD DEFENSE
**(Limitation of Damages)**

Oak's claims for relief are barred, in whole or in part, by operation of the applicable statutes that limit damages, costs, and other relief, including but not limited to 35 U.S.C. §§ 286, 287, and 288.

### FOURTH DEFENSE
**(Failure to State a Claim)**

Oak's Complaint fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE
**(Unenforceability)**

Oak's claims are barred, at least in part, by one or more of the doctrines of unclean hands, estoppel, waiver, acquiescence, or other equitable defenses.

### SIXTH DEFENSE
**(Prosecution History Estoppel and Disclaimer)**

Oak's claims for relief are barred, in whole or in part, by the doctrines of prosecution history estoppel or prosecution disclaimer, ensnarement, or claim vitiation.

### SEVENTH DEFENSE
**(Not an Exceptional Case)**

GlobalFoundries has acted in good faith at all times, thereby precluding Oak, even if it prevails, from recovering attorneys' fees and/or costs under 35 U.S.C. § 285.

### EIGHTH DEFENSE
**(License; Exhaustion)**

Oak's claims for patent infringement are precluded in whole or in part: (i) to the extent that any GlobalFoundries accused products are imported by, sold by or to, offered for sale by, made by, made for, used by, or otherwise supplied (directly or indirectly) by or to any entity or entities having express or implied licenses to the patents-in-suit; (ii) under the doctrine of patent

13

exhaustion; and/or (iii) any doctrine precluding double recovery for claims of infringement attributable to the same device.

**NINTH DEFENSE**
**(Government Sale)**

Under 28 U.S.C. § 1498, GlobalFoundries is not liable to the extent the accused products were used or manufactured by or for the United States.

**COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaim-Plaintiff GlobalFoundries U.S. Inc. brings these Counterclaims against Plaintiff and Counterclaim-Defendant Oak IP, LLC ("Oak") and allege as follows:

**PARTIES**

1.      GlobalFoundries U.S. Inc. is a corporation organized under the laws of Delaware and maintains a place of business at 400 Stonebreak Road Ext., Malta, NY 12020.

2.      On information and belief, and as alleged in the Complaint, Oak is a limited liability company organized under the laws of the State of Texas located at 812 W. McDermott Dr., #1026, Allen, Texas 75013.

**JURISDICTION AND VENUE**

3.      Subject to GlobalFoundries U.S. Inc.'s defenses and denials stated above, this Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

4.      Oak has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in the Complaint.

14

5.     Subject to GlobalFoundries U.S. Inc.'s defenses and denials stated above, venue for these Counterclaims is proper in this District because Oak has consented to this venue through the filing of a claim for patent infringement against GlobalFoundries U.S. Inc. in this District, in response to which these Counterclaims are being asserted.

**FIRST COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 9,905,691)**

6.     GlobalFoundries U.S. Inc. realleges and reincorporates by reference Paragraphs 1–84 of its Answer and its Defenses and Paragraphs 1–5 of the Counterclaims as though set forth fully herein.

7.     Oak has filed an infringement action in this Court to enforce the '691 patent against GlobalFoundries U.S. Inc. GlobalFoundries U.S. Inc. denies that it has infringed any asserted claim , including any rights in or to any valid and enforceable claim of the '691 patent. Therefore, an actual, substantial, and justiciable controversy exists between Oak and GlobalFoundries U.S. Inc.

8.     Neither GlobalFoundries U.S. Inc. nor its products have infringed, directly, indirectly, or jointly, any valid asserted claim of the '691 patent. For example, (i) chips/products manufactured via GlobalFoundries U.S. Inc.'s 14 nm FinFET fabrication process; (ii) chips/products manufactured via GlobalFoundries U.S. Inc.'s 12 nm FinFET fabrication process; and (iii) other chips/products that have been manufactured via the same or similar processes by GlobalFoundries U.S. Inc. do not contain any oxide of titanium required by claim 19 of the '691 patent.

9.     Pursuant to 28 U.S.C. §§ 2201 and 2202, GlobalFoundries U.S. Inc. is entitled to a declaratory judgment that it has not directly, indirectly, or jointly infringed any valid and enforceable asserted claim of the '691 patent.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 9,905,691)

10.     GlobalFoundries U.S. Inc. realleges and reincorporates by reference Paragraphs 1–84 of its Answer and its Defenses and Paragraphs 1–9 of the Counterclaims as though set forth fully herein.

11.     Oak has filed an infringement action in this Court to enforce the '691 patent against GlobalFoundries U.S. Inc. GlobalFoundries U.S. Inc. denies that it has infringed any asserted claim, including any rights in or to any valid and enforceable claim of the '691 patent. Therefore, an actual, substantial, and justiciable controversy exists between Oak and GlobalFoundries U.S. Inc.

12.     As set forth above in GlobalFoundries U.S. Inc.'s Defenses, one or more of the asserted claims of the '691 patent asserted against GlobalFoundries U.S. Inc. is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, U.S. Patent No. 7,176,483 invalidates the asserted claims of the '691 patent.

13.     Pursuant to 28 U.S.C. §§ 2201 and 2202, GlobalFoundries U.S. Inc. is entitled to a declaratory judgment that the asserted claims of the '691 patent are invalid.

14.     Absent a declaration and order as sought by GlobalFoundries U.S. Inc., Oak will continue to wrongfully assert that GlobalFoundries U.S. Inc. has infringed the '691 patent, thereby causing GlobalFoundries U.S. Inc. irreparable injury and damage.

## THIRD COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 10,090,395)

15.     GlobalFoundries U.S. Inc. realleges and reincorporates by reference Paragraphs 1–84 of its Answer and its Defenses and Paragraphs 1–14 of the Counterclaims as though set forth fully herein.

16

16.     Oak has filed an infringement action in this Court to enforce the '395 patent against GlobalFoundries U.S. Inc. GlobalFoundries U.S. Inc. denies that it has infringed any asserted claim, including any rights in or to any valid and enforceable claim of the '395 patent. Therefore, an actual, substantial, and justiciable controversy exists between Oak and GlobalFoundries U.S. Inc.

17.     Neither GlobalFoundries U.S. Inc. nor its products have infringed, directly, indirectly, or jointly, any valid asserted claim of the '395 patent. For example, (i) chips/products manufactured via GlobalFoundries U.S. Inc.'s 14 nm FinFET fabrication process; (ii) chips/products manufactured via GlobalFoundries U.S. Inc.'s 12 nm FinFET fabrication process; and (iii) other chips/products that have been manufactured via the same or similar processes by GlobalFoundries U.S. Inc. do not contain any oxide of titanium required by claim 17 of the '395 patent.

18.     Pursuant to 28 U.S.C. §§ 2201 and 2202, GlobalFoundries U.S. Inc. is entitled to a declaratory judgment that it has not directly, indirectly, or jointly infringed any valid and enforceable asserted claim of the '395 patent.

**FOURTH COUNTERCLAIM**
**(Declaration of Invalidity of U.S. Patent No. 10,090,395)**

19.     GlobalFoundries U.S. Inc. realleges and reincorporates by reference Paragraphs 1–84 of its Answer and its Defenses and Paragraphs 1–18 of the Counterclaims as though set forth fully herein.

20.     Oak has filed an infringement action in this Court to enforce the '395 patent against GlobalFoundries U.S. Inc. GlobalFoundries U.S. Inc. denies that it has infringed any asserted claim, including any rights in or to any valid and enforceable claim of the '395 patent.

Therefore, an actual, substantial, and justiciable controversy exists between Oak and GlobalFoundries U.S. Inc.

21. As set forth above in GlobalFoundries U.S. Inc.'s Defenses, one or more of the asserted claims of the '395 patent asserted against GlobalFoundries U.S. Inc. is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, U.S. Patent No. 7,176,483 invalidates the asserted claims of the '395 patent.

22. Pursuant to 28 U.S.C. §§ 2201 and 2202, GlobalFoundries U.S. Inc. is entitled to a declaratory judgment that the asserted claims of the '395 patent are invalid.

23. Absent a declaration and order as sought by GlobalFoundries U.S. Inc., Oak will continue to wrongfully assert that GlobalFoundries U.S. Inc. has infringed the '395 patent, thereby causing GlobalFoundries U.S. Inc. irreparable injury and damage.

**FIFTH COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 10,937,880)**

24. GlobalFoundries U.S. Inc. realleges and reincorporates by reference Paragraphs 1–84 of its Answer and its Defenses and Paragraphs 1–23 of the Counterclaims as though set forth fully herein.

25. Oak has filed an infringement action in this Court to enforce the '880 patent against GlobalFoundries U.S. Inc. GlobalFoundries U.S. Inc. denies that it has infringed any asserted claim, including any rights in or to any valid and enforceable claim of the '880 patent. Therefore, an actual, substantial, and justiciable controversy exists between Oak and GlobalFoundries U.S. Inc.

26. Neither GlobalFoundries U.S. Inc. nor its products have infringed, directly, indirectly, or jointly, any valid asserted claim of the '880 patent. For example, (i) chips/products

18

manufactured via GlobalFoundries U.S. Inc.'s 14 nm FinFET fabrication process; (ii) chips/products manufactured via GlobalFoundries U.S. Inc.'s 12 nm FinFET fabrication process; and (iii) other chips/products that have been manufactured via the same or similar processes by GlobalFoundries U.S. Inc. do not contain any oxide of titanium required by claim 1 of the '880 patent.

27.    Pursuant to 28 U.S.C. §§ 2201 and 2202, GlobalFoundries U.S. Inc. is entitled to a declaratory judgment that it has not directly, indirectly, or jointly infringed any valid and enforceable asserted claim of the '880 patent.

**SIXTH COUNTERCLAIM**
**(Declaration of Invalidity of U.S. Patent No. 10,937,880)**

28.    GlobalFoundries U.S. Inc. realleges and reincorporates by reference Paragraphs 1–84 of its Answer and its Defenses and Paragraphs 1–27 of the Counterclaims as though set forth fully herein.

29.    Oak has filed an infringement action in this Court to enforce the '880 patent against GlobalFoundries U.S. Inc. GlobalFoundries U.S. Inc. denies that it has infringed any asserted claim, including any rights in or to any valid and enforceable claim of the '880 patent. Therefore, an actual, substantial, and justiciable controversy exists between Oak and GlobalFoundries U.S. Inc.

30.    As set forth above in GlobalFoundries U.S. Inc.'s Defenses, one or more of the asserted claims of the '880 patent asserted against GlobalFoundries U.S. Inc. is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, U.S. Patent No. 7,176,483 invalidates the asserted claims of the '880 patent.

31.     Pursuant to 28 U.S.C. §§ 2201 and 2202, GlobalFoundries U.S. Inc. is entitled to a declaratory judgment that the asserted claims of the '880 patent are invalid.

32.     Absent a declaration and order as sought by GlobalFoundries U.S. Inc., Oak will continue to wrongfully assert that GlobalFoundries U.S. Inc. has infringed the '880 patent, thereby causing GlobalFoundries U.S. Inc. irreparable injury and damage.

## DEMAND FOR JURY TRIAL

33.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, GlobalFoundries U.S. Inc. respectfully requests a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, GlobalFoundries Inc. and GlobalFoundries U.S. Inc. respectfully pray for judgment and relief as follows:

A.  That Oak take nothing by reason of the Complaint, that the Complaint be dismissed with prejudice, and that judgment be rendered in favor of GlobalFoundries Inc. and GlobalFoundries U.S. Inc.;

B.  That GlobalFoundries U.S. Inc. be granted declaratory judgment that GlobalFoundries U.S. Inc. has not infringed any asserted valid claim of the '691 patent, the '395 patent, or the '880 patent either directly, indirectly, or jointly;

C.  That GlobalFoundries U.S. Inc. be granted declaratory judgment that the asserted claims of the '691 patent, the '395 patent, and the '880 patent are invalid;

D.  That GlobalFoundries Inc. and GlobalFoundries U.S. Inc. be awarded their costs and expenses incurred in this action;

E.  That the Court find that this is an exceptional case under 35 U.S.C. § 285 and award GlobalFoundries Inc. and GlobalFoundries U.S. Inc. their attorneys' fees in this action; and

20

F.  For all other and further relief as the Court deems proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

OF COUNSEL:

Anupam Sharma
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
(650) 632-4700

May 12, 2025

Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendants GlobalFoundries Inc.*
*and GlobalFoundries U.S., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 12, 2025, upon the following in the manner indicated:

Stephen B. Brauerman, Esquire                    *VIA ELECTRONIC MAIL*
Ronald P. Golden III, Esquire
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19801

*Attorneys for Plaintiff Oak IP, LLC*

Patrick J. Conroy, Esquire                       *VIA ELECTRONIC MAIL*
Ryan P. Griffin, Esquire
T. William Kennedy Jr., Esquire
NELSON BUMGARDNER CONROY PC
2727 N. Harwood St., Suite 250
Dallas, TX 75201

*Attorneys for Plaintiff Oak IP, LLC*

Janson H. Westmoreland, Esquire                  *VIA ELECTRONIC MAIL*
NELSON BUMGARDNER CONROY PC
3131 W 7th St
Suite 300
Fort Worth, TX 76107

*Attorneys for Plaintiff Oak IP, LLC*

*/s/ Michael J. Flynn*

_____
Michael J. Flynn (#5333)